Statement of the Case.
MONROE, C. J.
Defendant has brought up this appeal from a judgment awarding plaintiff damages for a personal injury, al *491 leged to have been received by reason of the derailment of one of its street cars on the evening of April 3, 1914. The evidence shows that the derailment was a slight affair — the two trucks of the car barely passing over the obstruction that caused it, and the wheels being but a few inches off the tracks — and that it was caused by a block of wood and some other material which, within an interval (between the passing of cars) of about six minutes, had been used to wedge a switch point (which should have been open) against a rail of .the main track. Plaintiff alleges that she was thrown from her seat, upon one side of the aisle of the car, against a seat upon the other side, but she has produced no other witness than herself upon that point. Two physicians testified in her behalf; the one, that he was called to see her three days after the date upon which the derailment took place and found her suffering from a “blood tumor on the right side of the pelvis,” and that an affection of that kind is of traumatic origin, but he did not state whether, in this instance, the origin was recent or ancient; the other physician, who was called in nearly two weeks later, said nothing of the blood tumor, but testified to a displacement of plaintiff’s womb, which he attributed to some violent injury, such as a fall, but, like his predecessor, he gave no intimation as to the probable period which had elapsed since the injury had .been received. A physician employed by defendant called on plaintiff on the fourth day after the date of the derailment, and again eight days later, and stiil again on the day following the visit last mentioned, with the assistant coroner, who is also on defendant’s medical staff. He found no evidence of external injury on his first visit, and made no examination for any other, for the reason that plaintiff was complaining of quite severe pain in the lower abdomen. He says, however, that, being thrown about in the manner here complained of, if sufficient to cause internal injury, should have left some external signs that should have been discernible on his first visit. On the second visit he found a small fibroid tumor, which might, or might not, have been of traumatic origin; his impression being that it was not. He expresses the opinion that the displacement to which plaintiff’s witness testified (and concerning which he made no investigation) is now accepted as being due to a defect in the structure of the displaced organ. The assistant coroner testifies that he has made a special study of gynecology, and that he called on plaintiff on the thirteenth day after the accident. He made an examination, both external and internal, and found a certain fibroid condition, or tumor in the womb, and which, in his opinion, antedated any injury alleged to have resulted from the derailment, being, as he testifies, an affection of very slow growth which is not produced by a blow and which is found in 20 per cent, of women over 35 years of age, and especially those who have not borne children, or who have borne them early in life, which latter is shown to have been plaintiff’s experience. The doctor further testifies that a blow in the abdomen might aggravate the condition that he found, and possibly and probably produce hemorrhage.
Opinion.
We do not consider that the medical testimony, of which we have thus made a resume, corroborates that of plaintiff, to the effect that she was thrown cross the aisle of the car in the derailment of April 3, 1914, and there is no other testimony in the record to which that effect could be attributed. On the other hand, it is shown that there were 16 or 18 persons in the car when the accident occurred, of whom 10 have testified that the jolt resulting from the derailment was slight, and that they were not thrown down or off their seats, or injured or inconvenienced in *493 any way, and that they heard of no such happening, or complaint of such happening, from any other person who was in the car; the conductor of the car having testified, among the others, and stated, that he made special inquiry upon that subject.
We therefore conclude that plaintiff has failed to prove that she has suffered any injury by reason of the derailment of which she complains, and we consider it unnecessary to go any farther in the matter.
It is accordingly ordered that the judgment appealed from be reversed, and that there now be judgment for defendant, rejecting plaintiff’s demand and dismissing this suit at her cost in both courts.
SOMMERYILLE, J., takes no part.